E-FILED
Monday, 20 March, 2023  06:12:39 PM
Clerk, U.S. District Court, ILCD

# Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

IN RE AFNI, INC., DATA BREACH
LITIGATION

Lead Case No. 1:22-cv-01287-JES-JEH

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is entered into by and between Marian Caldwell Powell, Leniox Campbell, Leslie Green, Nicole Prochnow, and Thomas Davis ("Plaintiffs"), individually and on behalf of Settlement Class Members (as defined herein), and Afni, Inc. ("Afni" or "Defendant") (collectively the "Parties).

## RECITALS

WHEREAS, on July 25, 2022, a class action lawsuit was filed against Afni in the U.S. District Court for the Central District of Illinois, relating to a data security incident which occurred on or about June 7, 2021, affecting Afni, Plaintiffs, and the Settlement Class.

WHEREAS, four related actions were subsequently filed against Afni relating to the same data security incident.

WHEREAS, the five related actions, *Caldwell Powell v. Afni, Inc.*, No. 1:22-cv-01247-JBM-JEH, *Prochnow v. Afni, Inc.*, No. 1:22-cv-01287-JES-JEH, *Green v. Afni, Inc.*, No. 1:22-cv-01290-JES-JEH, *Davis v. Afni, Inc.*, No. 1:22-cv-01294-JES-JEH, and *Owens v. Afni, Inc.*, No. 1:22-cv-01297-MMM-JEH, were consolidated on September 28, 2022.

WHEREAS, Plaintiffs filed a consolidated complaint against Afni on October 28, 2022 (the "Action").

WHEREAS, Afni denies the allegations and all liability with respect to any and all facts and claims alleged in the Action, that Plaintiffs and the class which they purport to represent have suffered any damage(s), and that the Action satisfies the requirements to be tried as a class action under Federal Rule of Civil Procedure 23.

WHEREAS, following extensive arm's length settlement negotiations, including the exchange of informal discovery and a full-day mediation session with a highly regarded mediator, the Parties reached an agreement of the essential terms of settlement.

NOW, THEREFORE, in exchange for the mutual promises and valuable consideration provided for in this Agreement, the Parties agree to a full, complete, and final settlement and

1

resolution of the Action, subject to Court approval, on the following terms and conditions:

## I.    <u>**DEFINITIONS**</u>

In addition to terms defined at various points within this Agreement, the following defined terms shall have the meanings set forth below:

1.    "Action" means the class action lawsuit captioned *In re Afni, Inc. Data Breach Litig.*, Case No. 1:22-cv-01287-JES-JEH, pending in the U.S. District Court for the Central District of Illinois.

2.    "Alternative Cash Payment" means a payment (estimated to be $60) to each Settlement Class Member who elects to receive this payment in lieu of the other Settlement benefits, to be calculated as provided in Paragraph 63. Any Settlement Class Member who elects to receive the Alternative Cash Payment will not be eligible to receive reimbursement for Out of Pocket Losses, Lost Time , or Credit Monitoring and Identity Theft Protection Servicesdescribed herein.

3.    "Approved Claim" means the timely submission of a Claim Form by a Participating Settlement Member that has been approved by the Settlement Administrator.

4.    "Claim Form" or "Claim" means, collectively, the form Settlement Class Members must submit to be eligible for reimbursement of Out-of-Pocket Losses or Lost Time, and/or to claim Credit Monitoring and Identity Theft Protection Services, or an Alternative Cash Payment under the terms of the Settlement, which is attached hereto as Exhibit 3.

5.    "Claims Deadline" means the last day to submit a timely Claim Form(s), which will occur ninety (90) days after the Notice Deadline.

6.    "Claims Period" means the period of time during which Settlement Class Members may submit Claim Forms to receive settlement benefits, which will end ninety (90) days after the Notice Deadline.

7.    "Class Counsel" means Ben Barnow of Barnow and Associates, P.C. and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, LLC.

8.    "Class Representatives" means Marian Caldwell Powell, Leniox Campbell, Leslie Green, Nicole Prochnow, and Thomas Davis.

9.    "Court" means the United States District Court for the Central District of Illinois.

10.    "Credit Monitoring and Identity Theft Protection Services" means two years of three-bureau credit monitoring services provided to Settlement Class Members under the Settlement. These services include daily three-bureau credit monitoring with Equifax, Experian, and TransUnion; identity restoration services; and $1 million in identity theft insurance, among other features.

11.     "Data Incident" means the data security incident affecting Afni, Plaintiffs, and the Settlement Class, which occurred on or about June 7, 2021.

12.     "Effective Date" means one business day following the latest of: (i) the date upon which the time expires for filing or noticing any appeal of the Judgment or one business day following entry of an order granting final approval of the settlement if no parties have standing to appeal; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to attorneys' fees and reimbursement of expenses, the date of completion, in a manner that finally affirms and leaves in place the Judgment without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Judgment.

13.     "Fee Award, Costs, and Expenses" means the amount of attorneys' fees and reimbursement of Litigation Costs and Expenses awarded by the Court to Class Counsel.

14.     "Final Approval Order and Judgment" means an order and judgment that the Court enters after the Final Approval Hearing, which finally approves the Settlement Agreement, certifies the Settlement Class, dismisses the Action with prejudice, and otherwise satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23, and is consistent with all material provisions of this Agreement, substantially in the form annexed hereto as Exhibit 5.

15.     "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgment.

16.     "Afni's Counsel" means James Monagle of Mullen Coughlin LLC and James J. Sipchen of Pretzel & Stouffer, Chartered.

17.     "Litigation Costs and Expenses" means costs and expenses incurred by counsel for the Class Representatives in connection with commencing, prosecuting, and settling the Action.

18.     "Lost Time" means time spent remedying issues related to the Data Incident.

19.     "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Notice and Administrative Expenses, (ii) Taxes and Tax-Related Expenses, (iii) Service Awards Payments approved by the Court, and (iv) Fee Award, Costs, and Expenses approved by the Court.

20.     "Non-Profit Residual Recipient" means National Cybersecurity Alliance, subject to approval by the Court.

21.     "Notice" means notice of the proposed class action Settlement to be provided to Settlement Class Members, substantially in the form attached hereto as Exhibit 1 ("Postcard Notice") and Exhibit 2 ("Long Form Notice").

22.     "Notice Deadline" means the last day by which Notice must issue to the Settlement Class Members, and will occur thirty (30) days after entry of the Preliminary Approval Order.

23.     "Notice and Administrative Expenses" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with providing Notice to the Settlement Class, locating Settlement Class Members, performing National Change of Address search(es) and/or skip tracing, processing claims, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating and distributing the Settlement Fund to Settlement Class Members. Administrative Expenses also includes all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

24.     "Objection Deadline" is the last day on which a Settlement Class Member may file an objection to the Settlement, which will be sixty (60) days after the Notice Deadline.

25.     "Opt-Out Deadline" is the last day on which a Settlement Class member may file a request to be excluded from the Settlement Class, which will be sixty (60) days after the Notice Deadline.

26.     "Out-of-Pocket Losses" means documented out-of-pocket costs or expenditures that a Settlement Class Member actually incurred that are fairly traceable to the Data Incident, and that have not already been reimbursed by a third party, as set forth in Paragraph 49. Out-of-Pocket Losses may include, without limitation, the following: costs associated with credit monitoring or identity theft insurance purchased directly by the claimant; costs associated with requesting a credit report; costs associated with a credit freeze; costs associated with cancelling a payment card and/or obtaining a replacement payment card; costs associated with closing a bank account and/or opening a new bank account; postage, long-distance phone charges, express mail and other incidental expenses; unrefunded overdraft and/or overdraft protection fees; unrefunded late and/or missed payment fees and/or charges; and damage and costs associated with any stolen funds, fraudulent transactions, unauthorized accounts, and/or fraudulent tax returns.

27.     "Plaintiffs' Counsel" means Class Counsel and all other counsel for the Class Representatives, collectively.

28.     "Preliminary Approval Order" means an order directing issuance of Notice to Settlement Class Members, determining that the Court will likely be able to approve the Settlement under Federal Rule of Civil Procedure 23(e)(2), and determining that the Court will likely be able to certify the Settlement Class for purposes of judgment. Such order will include the forms and procedure for providing notice to the Settlement Class, including notice of the procedure for Settlement Class Members to object to or opt-out of the Settlement, and set a date for the Final Approval Hearing, substantially in the form annexed hereto as Exhibit 4.

29.   "Released Claims" means any and all past, present, and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees, costs, and expenses, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued and matured or not matured that arise out of, are connected to, or relate in any way to the Data Incident, including such claims that were or could have been asserted in the Action, including Unknown Claims as defined in Paragraph 86, and including but not limited to those claims concerning: (1) the alleged access, disclosure and/or acquisition of Settlement Class Members' personal information in the Data Incident; (2) Afni's maintenance of Settlement Class Members' personal information as it relates to the Data Incident; (3) Afni's information security policies and practices as it relates to the Data Incident; and (4) Afni's provision of notice to Settlement Class Members following the Data Incident.

30.   "Released Parties" means Afni and each and every of its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, members, managers, employees, shareholders, partners, servants, agents, successors, attorneys, representatives, insurers,, reinsurers, subrogees and assigns of any of the foregoing. Each of the Released Parties may be referred to individually as a "Released Party."

31.   "Releasing Parties" means the Class Representatives and Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys and assigns, excluding those Settlement Class Members who submit a valid Request for Exclusion prior to the Opt Out Deadline.

32.   "Request for Exclusion" is the written communication by or on behalf of a Settlement Class Member in which he or she requests to be excluded from the Settlement Class in the form and manner provided for in the Notice.

33.   "Residual Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Notice and Administrative Expenses, (ii) Taxes and Tax-Related Expenses, (iii) Approved Claim(s) for Out-of-Pocket Losses; (iv) Approved Claim(s) for Lost Time; (v) Approved Claims for Credit Monitoring and Identity Theft Protection Services; (vi) Approved Claims for Alternative Cash Payment; (vii) Service Awards Payments approved by the Court, and (viii) Fee Award, Costs, and Expenses approved by the Court.

34.   "Service Award Payment" means compensation awarded by the Court and paid to the Class Representatives in recognition of their role in this litigation.

35.   "Settlement" means the settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

36.   "Settlement Administrator" means Angeion Group, subject to Court approval.

37.     "Settlement Class" means the persons to whom Afni provided notification that their personal information was exposed in the Data Incident that occurred on or about June 7, 2021. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline; (3) Afni and its respective Officers and Directors; and (4) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

38.     "Settlement Class List" means the list generated by Afni containing the full names and current or last known addresses for Settlement Class Members, which Afni shall provide to the Settlement Administrator within fourteen (14) days of the Preliminary Approval Order.

39.     "Settlement Class Member" means an individual who falls within the definition of the Settlement Class.

40.     "Settlement Fund" means the sum of One Million Eight Hundred Fifty Thousand Dollars and Zero Cents ($1,850,000.00) to be paid by or on behalf of Afni as specified in Paragraph 44, including any interest accrued thereon after payment. This payment is the limit and extent of the monetary obligations of Afni, its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, members, managers, employees, shareholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing, with respect to this Agreement and the settlement of this matter.

41.     "Settlement Payment" means the payment to be made via mailed check or digital payment to a Settlement Class Member pursuant to Paragraph 56.

42.     "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order, but prior to the mailing of the Notice, as a means for Settlement Class Members to obtain notice of and information about the Settlement and relevant case documents and deadlines. The Settlement Website shall contain relevant documents, including, but not limited to, the Notice, this Agreement, Plaintiffs' motion for preliminary approval of the Settlement, the Preliminary Approval Order, Plaintiffs' motion for an award of attorneys' fees, costs, and expenses, and/or service awards, and the operative complaint in the Action. The Settlement Website shall also include a toll-free telephone number, e-mail address, and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall not include any advertising and shall remain operational until at least sixty (60) days after all Settlement Payments have been distributed.

43.     "Taxes and Tax-Related Expenses" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Afni with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

## II.    SETTLEMENT FUND

44.    **Establishment of Settlement Fund**. Within twenty-one (21) days of the Preliminary Approval Order, Afni shall deposit the sum of Two Hundred Thousand Dollars and No Cents ($200,000) of the Settlement Fund into an Escrow Account established and administered by the Settlement Administrator which shall be available to cover Notice and the Costs of Claims Administration incurred prior to entry of the Final Approval Order and Judgment. Afni shall pay the balance of the Settlement Fund, One Million Six Hundred and Fifty Thousand Dollars and No Cents ($1,650,000.00), into the Escrow Account twenty-one (21) business days after the Effective Date.

45.    **Non-Reversionary**. The Settlement Fund is non-reversionary.

46.    **Qualified Settlement Fund**. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator shall invest the Settlement Fund exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. Defendant and Defendant's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Settlement Administrator. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund and its Escrow Agent. Further, the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

47.    **Use of the Settlement Fund**. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for the following: (i) Notice and Administrative Expenses, (ii) Taxes and Tax-Related Expenses, (iii) Approved Claim(s) for Out-of-Pocket Losses; (iv) Approved Claim(s) for Lost Time; (v) Approved Claims for Credit Monitoring and Identity Theft Protection Services; (vi) Approved Claims for Alternative Cash Payment; (vii) Service Awards Payments approved by the Court, and (viii) Fee Award, Costs, and Expenses approved by the Court. Following payment of all of the above expenses, any amount remaining in the Net Settlement Fund shall be paid to the Non-Profit Residual Recipient in accordance with Paragraph 65. No amounts may be withdrawn from the Settlement Fund unless expressly authorized by this Agreement or approved by the Court.

48.    **Taxes and Representations**. Taxes and Tax-Related Expenses owed by the Settlement Fund shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court.

Further, the Settlement Fund shall indemnify and hold harmless the Parties, their counsel, and their insurers and reinsurers for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

## III.   REIMBURSEMENT FOR OUT-OF-POCKET LOSSES AND LOST TIME

49.     **Reimbursement for Out-of-Pocket Losses**. All Settlement Class Members may submit a claim for up to Five Thousand Dollars and Zero Cents ($5,000.00) for reimbursement of Out-of-Pocket Losses. To receive reimbursement for Out-of-Pocket Losses, Settlement Class Members must submit a valid Claim Form that includes the following: (i) third-party documentation supporting the loss; and (ii) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone. Third-party documentation can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the costs incurred. Self-prepared documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. A claim for reimbursement for Out-of-Pocket Losses may be combined with a claim for Lost Time and Credit Monitoring and Identity Theft Protection Services but in no circumstance will a Settlement Class Member be eligible to receive more than the Five Thousand Dollars and Zero Cents ($5,000.00) cap.

50.     **Assessing Claims for Out-of-Pocket Losses**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent documentation for Out-of-Pocket Losses reflects valid Out-of-Pocket Losses actually incurred that are fairly traceable to the Data Incident, but may consult with Class Counsel and Afni's Counsel in making individual determinations. Any such consultation shall be made with both Class Counsel and Afni's Counsel. In assessing what qualifies as "fairly traceable," the Parties agree to instruct the Settlement Administrator to consider (i) whether the timing of the loss occurred on or after June 7, 2021; and (ii) whether the Personal Information used to commit identity theft or fraud consisted of the same type of Personal Information that was potentially impacted as a result of the Data Incident. The Settlement Administrator is authorized to contact any Settlement Class Member (through the information provided on the Settlement Class Member's Claim Form) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

51.     **Reimbursement for Lost Time**. All Settlement Class Members may submit a claim for reimbursement of Lost Time up to four (4) hours at twenty-five dollars ($25) per hour. Settlement Class Members can receive reimbursement of Lost Time with an attestation that the actions were related to the Data Incident. A claim for Lost Time may be combined with a claim for reimbursement for Out-of-Pocket Losses and a Cash Payment but in no circumstance will a

Settlement Class Member be eligible to receive more than the Five Thousand Dollars and Zero Cents ($5,000.00) individual cap.

52.     **Assessing Claims for Lost Time**. The Settlement Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met in order to award payments of Lost Time, but may consult with Class Counsel and Afni's Counsel in making individual determinations. Any such consultation shall be made with both Class Counsel and Afni's Counsel. The Settlement Administrator is authorized to contact any Settlement Class Member (through the information provided on the Settlement Class Member's Claim Form) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

53.     **Disputes**. To the extent the Settlement Administrator determines a claim for Out-of-Pocket Losses or Lost Time is deficient in whole or part, within a reasonable time of making such a determination, the Settlement Administrator shall notify the Settlement Class Member of the deficiencies and give the Settlement Class Member twenty-one (21) days to cure the deficiencies. Such notifications shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such notifications shall be sent via U.S. mail. If the Settlement Class Member attempts to cure the deficiencies but, at the sole discretion and authority of the Settlement Administrator, fails to do so, the Settlement Administrator shall notify the Settlement Class Member of that determination within ten (10) days of the determination. The Settlement Administrator may consult with Class Counsel and Afni's Counsel in making such determinations. Any such consultation shall be made with both Class Counsel and Afni's Counsel.

## IV.     CREDIT MONITORING AND IDENTITY THEFT PROTECTION

54.     **Credit Monitoring and Identity Theft Protection Services**. All Settlement Class Members who do not opt for the Alternative Cash Payment are eligible to enroll in two years of three-bureau Credit Monitoring and Identity Theft Protection Services, regardless of whether the Settlement Class Member submits a claim for reimbursement of Out-of-Pocket Losses or Lost Time. The Settlement Administrator shall send an activation code to each valid Credit Monitoring Services claimant within thirty (30) days of the Effective Date which can be used to activate Credit Monitoring Services. Such enrollment codes shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such codes shall be sent via U.S. mail. Enrollment codes will remain valid for at least 12 months after issuance. The Credit Monitoring and Identity Theft Protection Services will be provided to all valid claimants who timely enroll in these services for a period of two years from the date of activation, including daily three-bureau credit monitoring with Equifax, Experian, and TransUnion; identity restoration services; and $1 million in identity theft insurance, among other features.

## V.     ALTERNATIVE CASH PAYMENTS

55.     **Alternative Cash Payments**. All Settlement Class Members may submit a claim for an Alternative Cash Payment (estimated to be $60) in lieu of the other Settlement benefits. To receive an Alternative Cash Payment, Settlement Class Members must submit a valid Claim. The amount of each Alternative Cash Payment will be determined according to the calculation contained in Paragraph 63. Any Settlement Class Member who elects to receive the Alternative

Cash Payment will not be eligible to receive reimbursement for Out of Pocket Losses, Lost Time, or Credit Monitoring and Identity Theft Protection Services described herein.

## VI.   PAYMENTS TO SETTLEMENT CLASS MEMBERS

56.    **Payment Timing**. Payments for Approved Claims for reimbursement for Out-of-Pocket Losses, Lost Time, or Alternative Cash Payments shall be issued in the form of a check or digital payment (at the election of the Settlement Class Member) as soon as practicable after the allocation and distribution of funds are determined by the Settlement Administrator following the Effective Date.

57.    **Timing**. Settlement checks shall bear in the legend that they expire if not negotiated within ninety (90) days of their date of issue.

58.    **Returned Checks**. For any Settlement check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the Settlement Payment within thirty (30) days after the check is returned to the Settlement Administrator as undeliverable. In attempting to locate a valid address, the Settlement Administrator is authorized to send an e-mail and/or place a telephone call to that Settlement Class Member to obtain updated address information. Any replacement Settlement checks issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time.

59.    **Uncashed Checks**. To the extent that a Settlement check is not cashed within ninety (90) days after the date of issue, the Settlement Administrator shall undertake the following actions: (1) attempt to contact the Settlement Class Member by e-mail and/or telephone to discuss how to obtain a reissued check; (2) if those efforts are unsuccessful, make reasonable efforts to locate an updated address for the Settlement Class Member using advanced address searches or other reasonable methods; and (3) reissuing a check or mailing the Settlement Class Member a postcard (either to an updated address if located or the original address if not) providing information regarding how to obtain a reissued check. Any reissued Settlement checks issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time.

60.    **Deceased Class Members**. If the Settlement Administrator is notified that a Settlement Class Member is deceased, the Settlement Administrator is authorized to reissue the Settlement Payment to the Settlement Class Member's estate upon receiving proof the Settlement Class Member is deceased and after consultation with Class Counsel and Afni's Counsel.

## VII.   CLAIMS, CAPS, AND DISTRIBUTION OF SETTLEMENT FUNDS; RESIDUAL SETTLEMENT FUND

61.     **Submission of Electronic and Hard Copy Claims**. Settlement Class Members may submit Claim Forms to the Settlement Administrator electronically via a claims website or physically by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline.

62.     **Individual Caps**. Settlement Class Members are subject to an individual aggregate cap of Five Thousand Dollars and Zero Cents ($5,000.00) for payments made under the Settlement. Settlement Class Members may submit claims for reimbursement of Lost Time and/or Out-of-Pocket Losses, but the Settlement Class Member's combined claims will be subject to the individual aggregate cap of Five Thousand Dollars and Zero Cents ($5,000.00). Claims for credit monitoring are not included in this cap.

63.     **Order of Distribution of Funds**. The Settlement Administrator must first use the Net Settlement Fund to make payments for Approved Claims for Out-of-Pocket Losses, followed by Approved Claims for Lost Time, followed by Approved Claims for Credit Monitoring and Identity Theft Protection Services. The amount of the Net Settlement Fund remaining after all payments for Out-of-Pocket Losses, Lost Time, Approved Claims, and Credit Monitoring and Identity Theft Protection Services are made shall be referred to as the "Post-Loss Net Settlement Fund." The Settlement Administrator shall then utilize the Post-Loss Net Settlement Fund to pay valid claims for Alternative Cash Payments as described in Paragraph 55. The amount of each Alternative Cash Payment shall be calculated by dividing the Post-Loss Net Settlement Fund by the number of valid claims for Alternative Cash Payments.

64.     **Pro-Rata Contingencies**. In the event the aggregate amount of all payments for Out-of-Pocket Losses, Lost Time, and Credit Monitoring and Identity Theft Protection Services exceeds the total amount of the Net Settlement Fund, then the value of those payments shall be reduced on a pro rata basis, such that the aggregate value of these claims does not exceed the Net Settlement Fund. In such an event, no Net Settlement Funds would be distributed to Claimants seeking Alternative Cash Payments. All such determinations shall be performed by the Settlement Administrator. All pro rata determinations required by this Paragraph shall be performed by the Settlement Administrator upon notice to Class Counsel and Afni's Counsel.

65.     **Unclaimed Property**. No portion of the Settlement Fund shall revert or be repaid to Afni after the Effective Date. To the extent any monies remain in the Residual Settlement Fund more than 150 days after the distribution of Settlement Payments to the Settlement Class Members, or 30 days after all reissued Settlement checks are no longer negotiable, whichever occurs later or as otherwise agreed to by the Parties, any remaining monies shall be distributed as required by state law or to the Non-Profit Residual Recipient.

## VIII.   CONFIRMATORY DISCOVERY

66.     **Confirmatory Discovery**. Afni has provided or will provide reasonable confidential confirmatory discovery to Class Counsel which may include the identity of Settlement Class Members and related address information, the facts and circumstances of the Data Incident, and Afni's response thereto, and Afni's current security posture.

67. **Confidentiality**. The information provided by Afni pursuant to this Section VIII or Paragraph 66 shall be treated as confidential and cannot be used for any purpose other than enforcement of this Settlement Agreement.

68. **No Other Rights or Remedies**. Nothing about this Section VIII shall create any rights to any present or future contractual or equitable remedy requiring Afni to make or maintain any particular security processes or procedures in the future.

## IX.   SETTLEMENT CLASS NOTICE

69. **Timing of Notice**. Within fourteen (14) days after the date of the Preliminary Approval Order, Afni shall provide the Settlement Class List to the Settlement Administrator. Afni shall also provide the Settlement Administrator with the list of returned mailings for the members of the Settlement Class to whom the original notice of the Data Incident was returned and/or undeliverable ("Undeliverable List"). Within thirty (30) days after the date of the Preliminary Approval Order, the Settlement Administrator shall disseminate the Postcard Notice to the members of the Settlement Class. The Settlement Administrator shall make the Long Form Notice and Claim Form available to Settlement Class Members on the Settlement Website. Prior to disseminating Notice to the members of the Settlement Class, the Settlement Administrator shall perform a National Change of Address Search on the Settlement Class List. Additionally, the Settlement Administrator shall perform skip tracing on the Undeliverable List to attempt to identify an alternative address for the Settlement Class Members on the Undeliverable List. The Settlement Administrator shall also have the option, if requested by Class Counsel, to mail reminders notices to Settlement Class Members who have not yet submitted a Claim Form, with such reminder notices to be mailed, if at all, thirty (30) days prior to the Claims Deadline.

70. **Form of Notice**. Notice shall be disseminated by U.S. mail to Settlement Class Members.

71. **Returned Mailings**. Within thirty (30) days after the date of mailing of the Postcard Notice to the Settlement Class Members, the Settlement Administrator shall provide Class Counsel and Afni's counsel with a list of the Settlement Class Members to whom the Notice was retuned and/or undeliverable ("Undeliverable Notice List"). Within forty (40) days of mailing of the Postcard Notice, the Settlement Administrator shall perform additional levels of skip tracing on the Undeliverable Notice List to attempt to identify an alternative address for the Settlement Class Members on the Undeliverable Notice List, and shall re-mail the Postcard Notice to the Settlement Class Members to the extent an alternative address is identified through Settlement Administrator's efforts. Additionally, Afni agrees to review its internal records and identify any Settlement Class Members on the Undeliverable Notice List for whom it has email addresses. Afni shall provide the Settlement Administrator with any email addresses that it was able to identify for Settlement Class Members on the Undeliverable Notice List within ten (10) days of receipt of the Undeliverable Notice List from the Settlement Administrator. As soon as practicable thereafter, the Settlement Administrator shall send the Postcard Notice to the Settlement Class Members on the Undeliverable Notice List via email to the extent email addresses are ascertainable.

## X.    OPT-OUTS AND OBJECTIONS

72.    **Opt-Outs**. The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than sixty (60) days after the Notice Deadline. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication. The Notice must state that any Settlement Class Member who does not submit a timely Request for Exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

73.    **Objections**. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement by submitting written objections to the Settlement Administrator postmarked no later than sixty (60) days after the Notice Deadline. The written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Settlement Class Member who does not file a timely and adequate objection in accordance with this Paragraph waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

74.    Within seven (7) days after the deadline for opt-out as set forth in this Paragraph and as approved by the Court, the Settlement Administrator shall furnish to counsel for the Parties a complete list of all timely and valid request for exclusions. In the event that within seven (7) days after receipt of the list from the Settlement Administrator, there have been more than Two-Hundred and Fifty (250) Opt-Outs (exclusions), Afni may, by notifying Class Counsel in writing, void this Agreement. If Afni voids the Agreement pursuant to this Paragraph, Afni shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Class Counsel and service awards.

## XI.    DUTIES OF THE SETTLEMENT ADMINISTRATOR

75.    **Duties of Settlement Administrator**. The Settlement Administrator shall perform the functions and duties necessary to effectuate the Settlement and as specified in this Agreement, including, but not limited to, the following:

  a.   Creating, administering, and overseeing the Settlement Fund;

b. Obtaining the Settlement Class List for the purpose of disseminating Notice to Settlement Class Members;

c. Performing National Change of Address searches and/or skip tracing on the Settlement Class List and Undeliverable List;

d. Providing Notice to Settlement Class Members via U.S. mail and e-mail;

e. Providing Class Counsel and Afni's Counsel with the Undeliverable Notice List and conducting additional levels of skip tracing on the Undeliverable Notice List;

f. Establishing and maintaining the Settlement Website;

g. Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries within one (1) business day;

h. Responding to any mailed or emailed Settlement Class Member inquiries within one (1) business day;

i. Reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members;

j. Receiving Requests for Exclusion and objections from Settlement Class Members and providing Class Counsel and Afni's Counsel a copy thereof no later than seven (7) days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion, objections, or other requests from Settlement Class Members after the Opt-Out and Objection Deadlines, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Afni's Counsel;

k. Working with the provider of Credit Monitoring and Identity Theft Protection Services to receive and send activation codes within thirty (30) days of the Effective Date;

l. After the Effective Date, processing and transmitting Settlement Payments to Settlement Class Members;

m. Providing weekly or other periodic reports to Class Counsel and Afni's Counsel that include information regarding the number of Settlement Payments mailed and delivered, Settlement checks cashed, undeliverable information, and any other requested information relating to Settlement Payments. The Settlement Administrator shall also, as requested by Class Counsel or Afni's Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund;

n. In advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that: (i) attests to implementation of Notice in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and properly submitted a Request for Exclusion; and

o. Performing any function related to Settlement administration as provided for in this Agreement or at the agreed-upon instruction of Class Counsel or Afni's Counsel, including, but not limited to, verifying that Settlement Payments have been distributed.

76. **Limitation of Liability**. The Parties, Plaintiffs' Counsel, Afni's Counsel, and Afni's insurers and reinsurers, shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

77. **Indemnification**. The Settlement Administrator shall indemnify and hold harmless the Parties, Plaintiffs' Counsel, Afni's Counsel, and Afni's insurers and reinsurers for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

## XII.   PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION

78. **Certification of the Settlement Class**. For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive final approval from the Court, or (2) the Effective Date not occur, the certification of the Settlement Class shall be void. Afni reserves the right to contest class certification for all other purposes. The Parties further stipulate to designate the Class Representatives as the representatives for the Settlement Class.

79. **Preliminary Approval**. Following execution of this Agreement, Class Counsel shall file a motion for preliminary approval of this Settlement with the Court.

80. **Final Approval**. Class Counsel shall move the Court for a Final Approval Order and Judgment of this Settlement, to be issued following the Final Approval Hearing; within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Deadline; and at least

90 days after Afni's Counsel notifies the appropriate government officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. In connection with the motion for preliminary approval, counsel for the parties shall request that the Court set a date for the Final Approval Hearing that is no earlier than 120 days after entry of the Preliminary Approval Order.

81. **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

## XIII.  MODIFICATION AND TERMINATION

82. **Modification**. The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

83. **Termination**. Class Counsel (on behalf of the Settlement Class Members) and Defendant shall have the right to terminate this Agreement by providing written notice of their or its election to do so ("Termination Notice"): (1) within seven (7) days of either of the following: (a) the Court's refusal to grant preliminary approval of the Settlement in any material respect; or (b) Afni's receipt of the opt-out list from the Settlement Administrator that includes more than Two-Hundred and Fifty (250) Opt-Outs, which right may be exercised solely by Defendant as set forth above in Paragraph 74; or (2) within fourteen (14) days of either of the following: (a) the Court's refusal to enter the Judgment in any material respect, or (b) the date upon which the Judgment is modified or reversed in any material respect by any appellate or other court.

84. **Effect of Termination**. In the event of a termination as provided in Paragraph 83, this Agreement shall be considered null and void; all of the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved. Afni shall bear all costs of settlement administration incurred up to termination.

## XIV.  RELEASES

85. **The Release**. Upon the Effective Date, and in consideration of the Settlement benefits described herein, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims.

86. **Unknown Claims**. The Released Claims include the release of Unknown Claims. "Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her, or it, might affect his, her, or its agreement to release the Released Parties or the Released Claims or might affect his, her, or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs, the Settlement Class, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code (including, without limitation, California Civil Code §§ 1798.80 *et seq.*, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11). Class Representatives, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph.

87. **Bar to Future Suits**. Upon entry of the Final Approval Order and Judgment, the Class Representatives and other Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

## XV. <u>SERVICE AWARD PAYMENTS</u>

88. **Service Award Payments**. At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a motion seeking a service award payment for the Class Representatives in recognition for their contributions to this Action. Afni agrees not to oppose Class Counsel's request for a service award not to exceed Two Thousand Five Hundred

Dollars and Zero Cents ($2,500.00) per Class Representative, for a total of Twelve Thousand Five Hundred Dollars and Zero Cents ($12,500.00). The Settlement Administrator shall make the Service Award Payments to the Class Representatives from the Settlement Fund. Such Service Award Payment shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than thirty (30) days after the Effective Date.

89.     **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of Service Awards in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Awards shall constitute grounds for termination of this Agreement.

## XVI.  <u>ATTORNEYS' FEES, COSTS, EXPENSES</u>

90.     **Attorneys' Fees and Costs and Expenses**. At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a motion for an award of attorneys' fees and litigation costs and expenses to be paid from the Settlement Fund. Class Counsel's request for an award of attorneys' fees will not exceed one-third (1/3) of the Settlement Fund and their request for reimbursement of litigation costs and expenses will not exceed Thirty Thousand Dollars and Zero Cents ($30,000.00). Fee Award, Costs, and Expenses shall be paid by the Settlement Administrator from the Settlement Fund, in the amount approved by the Court, within ten (10) business days of the Court's Order.

91.     **Allocation**. Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award, Costs, and Expenses amongst Plaintiffs' counsel and any other attorneys for Plaintiffs. Afni and its insurers and reinsurers shall have no liability or other responsibility for allocation of any such attorneys' fees, costs, and expenses.

92.     **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of attorneys' fees and costs and expenses in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the service awards shall constitute grounds for termination of this Agreement.

## XVII.  <u>NO ADMISSION OF LIABILITY</u>

93.     **No Admission of Liability**. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

94.     **No Use of Agreement**. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs;

or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by Afni in the Action or in any proceeding in any court, administrative agency or other tribunal.

## XVIII. __MISCELLANEOUS__

95.    **Integration of Exhibits**. The exhibits to this Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

96.    **Entire Agreement**. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

97.    **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

98.    **Singular and Plurals**. As used in this Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates.

99.    **Headings**. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

100.    **Construction**. For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

101.    **Cooperation of Parties**. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

102.    **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted in good faith.

103.    **No Conflict Intended**. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

104.    **Governing Law**. The Agreement shall be construed in accordance with, and be governed by, the laws of Illinois, without regard to the principles thereof regarding choice of law.

105.    **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically, by facsimile, or through e-mail of an Adobe PDF shall be deemed an original.

106.    **Notices**. All notices to Class Counsel provided for herein, shall be sent by U.S. First Class mail:

Ben Barnow
**BARNOW AND ASSOCIATES, P.C.**
205 West Randolph Street, Ste. 1630
Chicago, IL 60606
Tel: 312.621.2000
Fax: 312.641.5504
b.barnow@barnowlaw.com

Gary M. Klinger
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com

All notices to Afni provided for herein, shall be sent by U.S. First Class mail:

James Monagle
**MULLEN COUGHLIN LLC**
309 Fellowship Rd Suite 200
Mt. Laurel, NJ 08054
Telephone: (267) 930-1529
jmonagle@mullen.law

The notice recipients and addresses designated above may be changed by written notice.

107.    **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

**<u>SIGNATURES</u>**

Ben Barnow
**BARNOW AND ASSOCIATES, P.C.**
205 West Randolph Street, Ste. 1630
Chicago, IL 60606
Tel: 312.621.2000
Fax: 312.641.5504
b.barnow@barnowlaw.com

Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com

*Counsel for Plaintiffs*

James Monagle
**MULLEN COUGHLIN LLC**
309 Fellowship Rd Suite 200
Mt. Laurel, NJ 08054
(267) 930-1529 - Office
(415) 846-8435 - Mobile
jmonagle@mullen.law

*Counsel for Afni, Inc.*

# Exhibit 1

Afni Data Incident Claims Administrator
{Claims Administrator mailing address}

**LEGAL NOTICE
ONLY TO BE OPENED
BY THE INTENDED
RECIPIENT**

*A federal court has
authorized this Notice.*

*This is not a solicitation
from a lawyer.*

«ScanString»
Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

**If Afni, Inc. Notified You of a Data Security Incident, You May Be
Eligible for a <u>CASH PAYMENT</u> or Other Benefits from a Class Action Settlement.**
*PLEASE VISIT [InsertWebsiteLink] FOR MORE INFORMATION.*

**Why am I receiving this notice?** A class action settlement in the case entitled *In re: Afni, Inc. Data Breach Litigation*, Cause No. 1:22-cv-01287 in the United States District Court for the Central District of Illinois, has been reached between plaintiffs and the defendant, Afni, Inc. ("Afni"). The case concerns a cyberattack on Afni which occurred on or about June 7, 2021 (the "Data Incident"). You are receiving this notice because Afni's records show that your personally identifiable information was potentially compromised as a result of the Data Incident. **The records show that you may be a member of the Settlement Class, defined below.**

**Who's Included in the Settlement Class?** The Settlement Class includes all persons to whom Afni provided notification that his or her personal information was exposed in the Data Incident that occurred on or about June 7, 2021.

**What are the Settlement benefits?** The Settlement provides for payments to people who submit valid claims for reimbursement of: (i) up to 4 hours of lost time spent responding to the Data Incident, at the rate of $25 per hour, (ii) up to $5,000 for and unreimbursed out-of-pocket expenses incurred as a result of the Data Incident, and (iii) two years of three-bureau credit monitoring services; or (iv) an Alternative Cash Payment (estimated to be $60). Please visit **URL** for a full description of Settlement benefits and more information on how to submit a Claim Form. The deadline to submit a Claim Form is **Month DD, 2023.**

**What are my options? To receive payment, you much submit a Claim Form by Month DD, 2023.** The Claim Form can be found on the website **URL**. If you do not want to be legally bound by the Settlement, you must **opt out** of the Settlement by **Month DD, 2023**. If you want to **object** to the Settlement, you must file an objection by **Month DD, 2023**. The Long Notice available on the Settlement Website explains how to submit a Claim Form, opt out, or object.

**The Court's Fairness Hearing.** The Court will hold a Fairness Hearing on **Month DD, 2023,** to consider whether to approve the Settlement, a request for attorneys' fees, costs, and expenses for Plaintiffs' counsel, and service awards for the Settlement Class Representatives. You may appear at the hearing, either yourself or through an attorney hired by you, but it is not required. More information is available on the website.

For more information, please visit **URL** or call toll-free **XXX-XXX-XXXX**

_____
_____
_____

Afni Data Incident Claims Administrator
{Claims Administrator Mailing Address}

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AFNI, INC. DATA BREACH LITIGATION | Lead Case No. 1:22-cv-01287-JES-JEH |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*THIS IS A COURT-AUTHORIZED NOTICE. IT IS NOT A NOTICE OF A LAWSUIT AGAINST YOU OR A SOLICITATION FROM A LAWYER.*

### PLEASE READ THIS NOTICE CAREFULLY

**To:** **All persons who were notified by Afni, Inc. ("Afni") that their personal information was exposed as a result of the cyberattack on Afni on or about June 7, 2021 (the "Data Incident"), referred to herein as the "Settlement Class";**

A proposed Settlement has been reached in a class action lawsuit against Afni. The lawsuit asserted claims against Afni arising out of or related to a cyberattack against Afni on or about June 7, 2021.

If you are a member of the Settlement Class, you have the following options:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM BY _____ __, 2023** | You must submit a valid claim form to receive credit monitoring services from Settlement, reimbursement for unreimbursed time or expenses, or an Alternative Cash Payment. |
| **DO NOTHING** | You will receive no benefits from the Settlement and will no longer be able to sue the Released Parties,[1] including Afni, over the claims resolved in the Settlement. |

---

[1] The Released Parties are Afni and each and every of its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, members, managers, employees, shareholders, partners,

2

For more information visit URL or call toll-free XXX-XXX-XXXX

| EXCLUDE YOURSELF FROM THE SETTLEMENT BY _____ ___, 2023 | You will receive no benefits from the Settlement, but you will retain your legal claims against the Released Parties. |
| --- | --- |
| OBJECT BY _____ ___, 2023 | Write to the Court about why you do not like the Settlement. You must remain in the Settlement Class to object to the Settlement. |
| GO TO A HEARING ON _____ ___, 2023 | Ask to speak in Court about the fairness of the Settlement. |

No payments or other settlement benefits will be issued until after the Court gives final approval to the Settlement and any appeals are resolved.

**Please review this notice carefully.** You can learn more about the Settlement by visiting **URL** or by calling 1-XXX-XXX-XXXX.

## **Further Information about this Notice and the Lawsuit**

| 1.      Why was this Notice issued? |
| --- |

You received this notice because you may be a member of the Settlement Class eligible to receive benefits from a proposed settlement of the class action lawsuit *In re: Afni, Inc. Data Breach Litigation*, Cause No. 1:22-cv-01287 in the United States District Court for the Central District of Illinois (the "Lawsuit"). The Court overseeing the Lawsuit authorized this Notice to advise Settlement Class Members about the proposed Settlement that will affect their legal rights. The Notice explains certain legal rights and options you have in connection with that Settlement.

| 2.      What is the Lawsuit about? |
| --- |

The Lawsuit is a proposed class action lawsuit brought on behalf of all persons whose personally identifiable information was compromised as a result of the Data Incident, and who were sent written notices of the Data Incident by Afni.

| 3.      Why is the Lawsuit a class action? |
| --- |

In a class action, one or more representative plaintiffs bring a lawsuit for others who are alleged to have similar claims. Together, these people are the "class" and each individually is a "class

---

servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing.

member." There are five Plaintiffs (or Representative Plaintiffs) in this case: Marian Caldwell Powell, Leniox Campbell, Leslie Green, Thomas Davis, and Nicole Prochnow.

| 4. | Why is there a Settlement? |
|---|---|

The Plaintiffs in the Lawsuit, through their attorneys, investigated the facts and law relating to the issues in the Lawsuit. The Plaintiffs and Class Counsel believe that the settlement is fair, reasonable, and adequate and will provide substantial benefits to the Settlement Class. The Court has not decided whether the Plaintiffs' claims or Afni's defenses have any merit, and it will not do so if the proposed Settlement is approved. By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit valid claims will receive benefits from the Settlement. The Settlement does not mean that Afni did anything wrong, or that the Plaintiffs and the Settlement Class would or would not win the case if it were to go to trial.

## Terms of the Proposed Settlement

| 5. | Who is in the Settlement Class? |
|---|---|

The Settlement Class is defined as all persons to whom Afni provided notification that their personal information was exposed in the Data Incident that occurred on or about June 7, 2021.

Excluded from the Settlement Class are: (1) the judges presiding over the Lawsuit and their direct family members; (2) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline; (3) Afni and its respective Officers and Directors; and (4) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

| 6. | What are the Settlement Benefits? |
|---|---|

**Compensation for Unreimbursed Losses**
The Settlement provides compensation for the following unreimbursed losses, up to a total of $5,000 per member of the Settlement Class:

1. **Time Spent:** Up to 4 hours of lost time at a rate of $25.00 per hour for time spent dealing with the Data Incident; and

2. **Out-of-Pocket Expenses or Losses:** Out-of-pocket expenses incurred as a result of the Data Incident, including: bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel, fees for credit June 7, 2021 through {the date of the Claims Deadline}, compensation for proven monetary loss, professional fees including attorneys' fees, accountants' fees, fees for credit repair services incurred as a result of the Data Incident, and other out-of-pocket losses reasonably incurred as a result of the Data Incident.

4

For more information visit URL or call toll-free XXX-XXX-XXXX

Compensation for lost time requires only an attestation that any claimed lost time was spent related to the Data Incident.

Compensation for unreimbursed losses (except for lost time), shall be paid only if: (1) the loss is an actual, documented,[2] and unreimbursed monetary loss; (2) the loss was more likely than not caused by the Data Incident; and (3) the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

3. **Credit Monitoring and Identity Theft Protection Services:** Settlement Class Members who do not opt for the Alternative Cash Payment are eligible to receive two years of Credit Monitoring and Identity Theft Protection Services free of charge. The Credit Monitoring and Identity Theft Protection Services will be provided to all valid claimants who timely enroll in these services for a period of two years from the date of activation, including daily three-bureau credit monitoring with Equifax, Experian, and TransUnion; identity restoration services; and $1 million in identity theft insurance, among other features.

4. **Alternative Cash Payment:** As an alternative to a claim for Unreimbursed Losses, Lost Time, and/or Credit Monitoring, Settlement Class Members may also submit a claim to receive a pro rata cash payment from the Settlement Fund ("Alternative Cash Payment"). The amount of the Alternative Cash Payment will be calculated in accordance with the Settlement Agreement, which provides for a distribution of the Settlement Fund to first cover other costs and then distribute the remaining funds evenly amongst Settlement Class Members who elected to receive an Alternative Cash Payment.

| 7. | What claims are Settlement Class Members giving up under the Settlement? |
|---|---|

Settlement Class Members who do not validly exclude themselves from the Settlement will be bound by the Settlement Agreement and Release ("Settlement Agreement"), and any final judgment entered by the Court, and will give up their right to sue the Released Parties for the claims being resolved by the Settlement.

The claims that are being released and the persons and entities being released from those claims are described in the Settlement Agreement. To view the Settlement Agreement, please visit **URL**.

---

[2] Self-prepared documents, such as handwritten receipts, are, by themselves, insufficient to receive reimbursement.

5

For more information visit URL or call toll-free XXX-XXX-XXXX

## <u>Your Options as a Settlement Class Member</u>

| 8. | If I am a Settlement Class Member, what options do I have? |
|---|---|

If you are a Settlement Class Member, you do not have to do anything to remain in the Settlement. However, if you want to obtain the benefits available to Settlement Class Members under the Settlement, you **must** complete and submit a Claim Form postmarked or submitted online by <mark>Month DD, 2023</mark>. You may download or submit a Claim Form online at <mark>URL</mark>.

If you do not want to give up your right to sue the Released Parties related to the Data Incident or the issues raised in this case, you must exclude yourself (or "opt out") from the Settlement Class. See Question 12 below for instructions on how to exclude yourself.

If you object to the settlement, you must remain a Settlement Class Member (*i.e.*, you may not also exclude yourself from the Settlement Class by opting out) and file a written objection in this case with the Court. (See Question 20 below.) If you object, you must still submit a claim if you want compensation for unreimbursed losses or credit monitoring services.

| 9. | What happens if I do nothing? |
|---|---|

If you do nothing, you will get no benefit from this Settlement. Unless you exclude yourself, after the Settlement is granted final approval and the judgment becomes final, you will be bound by the judgment and you will never be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Parties related to the claims released by the Settlement.

| 10. | How do I submit a claim? |
|---|---|

You may complete the Claim Form online at <mark>URL.</mark> You may also obtain a paper Claim Form by downloading it at <mark>URL</mark> or by calling the claims administrator at <mark>1-XXX-XXX-XXXX</mark>. If you choose to complete a paper Claim Form, you may either submit the completed and signed Claim Form and any supporting materials electronically at <mark>URL</mark> or mail them to:

Afni Data Incident Claims Administrator
<mark>{Claims Administrator Mailing Address}
{Claims Administrator City/State/Zip}</mark>

| 11. | Who decides my Settlement claim and how do they do it? |
|---|---|

The Claims Administrator will initially decide whether a Claim Form is complete and valid and includes all required documentation. The Claims Administrator may require additional information from any claimant. Failure to timely provide all required information will invalidate a claim and it will not be paid.

| 12. | How do I exclude myself from the Settlement? |
|---|---|

You must make a signed written request that (i) the name of the Lawsuit; (2) your full name and current address; (3) your personal signature; and (4) the words "Request for Exclusion" or a comparable statement that you do not wish to participate in the Settlement. You must send your request by **Month DD, 2023** to this address:

Afni Data Incident Claims Administrator
Attn: Exclusions
{Claims Administrator Mailing Address}
{Claims Administrator City/State/Zip}

| 13. | If I exclude myself, can I receive a benefit from this Settlement? |
|---|---|

No. If you exclude yourself, you will not be entitled to any Settlement benefits. However, you will also not be bound by any judgment in this Lawsuit.

| 14. | If I do not exclude myself, can I sue the Released Parties for the Data Incident later? |
|---|---|

No. Unless you exclude yourself, you give up any right to sue the Released Parties for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form requesting a benefit from this Settlement.

| 15. | How do I object to the settlement? |
|---|---|

All Settlement Class Members who do not request exclusion from the Settlement Class have the right to object to the Settlement or any part of it. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement benefits will be sent out and the lawsuit will continue.

Any objection to the proposed Settlement must be in writing and it and any supporting papers must be filed with the Court and a copy mailed to Class Counsel and Afni's Counsel at the addresses listed below.

| Class Counsel | Afni's Counsel |
|---|---|
| Ben Barnow<br>**BARNOW AND ASSOCIATES, P.C.**<br>205 West Randolph Street, Ste. 1630<br>Chicago, IL 60606<br><br>Gary M. Klinger | James Monagle<br>**Mullen Coughlin LLC**<br>309 Fellowship Rd Suite 200<br>Mt. Laurel, NJ 08054 |

7

For more information visit URL or call toll-free XXX-XXX-XXXX

| **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC** 227 W. Monroe Street, Ste. 2100, Chicago, IL 60606 | |
|---|---|

Objections must be filed or postmarked no later than **Month DD, 2023**.

To be considered by the Court, your objection must include: (a) the title of the case; (b) your name, address, and telephone number; (c) all legal and factual bases for your objection; (d) copies of any documents that you want the Court to consider; (e) whether your objection applies only to you, to a specific subset of the class, or to the entire class; (f) the name of any attorneys representing you; (g) whether you (or your attorney) intends to appear at the Final Approval Hearing; (h) a list of all other cases in which you and/or your attorney has objected to a class action settlement; and (i) your signature or your attorney's signature.

Should you wish to appear at the Final Approval Hearing, you must so state, and must identify any documents or witnesses you intend to call on your behalf.

If you fail to object in this manner, you will be deemed to have waived and forfeited any and all rights you may have to appear separately and/or to object to the Settlement Agreement, and you shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions set forth in this paragraph. Without limiting the foregoing, any challenge to the Settlement Agreement, the Final Judgment and Order approving this Settlement Agreement, or the judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

## Court Approval of the Settlement

| 16. | How, when, and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a Final Approval Hearing to decide whether to approve the Settlement. That hearing is scheduled for **Month DD, 2023,** at **XX:XX A.M./P.M.,** at Court Address. At the Final Approval Hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have properly requested to speak at the hearing. The Court may also consider Plaintiffs' request for attorneys' fees, costs, and expenses, and Plaintiffs' request for service awards for the Representative Plaintiffs. After the hearing, the Court will decide whether to approve the Settlement.

It is possible the Court could reschedule the hearing to a different date or time without notice, so it is a good idea before the hearing to check **URL** to confirm the schedule if you wish to attend.

For more information visit URL or call toll-free XXX-XXX-XXXX

| 17. | Do I have to attend the hearing? |
|---|---|

No. You do not need to attend the hearing unless you object to the Settlement and wish to appear in person. It is not necessary to appear in person to make an objection; the Court will consider any written objections properly submitted pursuant to the instructions in Question 15. You or your own lawyer are welcome to attend the hearing at your expense, but you are not required to do so.

| 18. | What happens if the Court approves the Settlement? |
|---|---|

If the Court approves the Settlement, there may still be appeals. If an appeal is taken, it is possible the Settlement could be disapproved on appeal. We do not know how long this process may take.

| 19. | What happens if the Court does not approve the Settlement? |
|---|---|

If the Court does not approve the Settlement, there will be no Settlement benefits available to Settlement Class Members, Class Counsel, or the Plaintiffs, and the case will proceed as if no Settlement had been attempted.

## **Lawyers for the Settlement Class and Afni**

| 20. | Who represents the Settlement Class? |
|---|---|

The Court has appointed the following Class Counsel to represent the Settlement Class in this Lawsuit:

Ben Barnow
**BARNOW AND ASSOCIATES, P.C.**
205 West Randolph Street, Ste. 1630
Chicago, IL 60606

Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Ste. 2100
Chicago, IL 60606

Settlement Class Members will not be charged for the services of Class Counsel; Class Counsel will be paid by Afni out of the Settlement Fund, subject to Court approval. However, you may hire your own attorney at your own expense to advise you in this matter or represent you in making an objection or appearing at the Final Approval Hearing.

| 21. | How will the lawyers for the Settlement Class be paid? |
|---|---|

9

Plaintiffs will seek an order from the Court requesting that attorneys' fees be awarded to Class Counsel in the amount of 33% of the Settlement Fund inclusive of any costs and expenses of the Litigation (the "Class Counsel Payment").

Plaintiffs will also seek an order from the Court requesting that Service Awards in the amount of $2,500 be awarded to each Representative Plaintiff for their time and effort expended on behalf of the Settlement Class in the Litigation.

If the Court awards the Class Counsel Payment or the Service Awards described above, the Court's award(s) will not affect any benefits provided to Settlement Class Members or Plaintiffs.

## <u>For Further Information</u>

| 22. What if I want further information or have questions? |
| --- |

For additional information, please visit **URL**. You may also contact the Claims Administrator by mail, email or phone:

Mail:
Afni Data Incident Claims Administrator
{Claims Administrator Mailing Address}
{Claims Administrator City/State/Zip}
Email:
EMAIL ADDRESS

Phone:
XXX-XXX-XXXX


**PLEASE DO NOT CONTACT THE COURT OR AFNI'S COUNSEL FOR INFORMATION REGARDING THIS SETTLEMENT.**

10

For more information visit URL or call toll-free XXX-XXX-XXXX

# Exhibit 3

**Your claim must be submitted online or <u>postmarked by</u>: MONTH DD, 2023**

# CLAIM FORM FOR DATA BREACH SETTLEMENT

**AFNI**

*In Re: Afni, Inc. Data Breach Litigation*
Cause No. 1:22-cv-01287

## USE THIS FORM <u>ONLY IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS</u> TO MAKE A CLAIM FOR IDENTITY THEFT PROTECTION AND CREDIT MONITORING SERVICES AND/OR COMPENSATION FOR UNREIMBURSED LOSSES

## GENERAL INSTRUCTIONS

If you were notified by Afni, Inc. ("Afni") that your Personal Identifiable Information ("PII") including your name, address, date of birth, social security number, and/or financial account information was exposed as a result of the cyberattack on Afni on or about June 7, 2021 ("Data Incident"), you are a member of the Settlement Class and are eligible to complete this Claim Form to request two years of identity protection and credit monitoring service free of charge, compensation for up to 4 hours of lost time at a rate of $25.00 per hour, and/or compensation for other unreimbursed losses, up to a total of $5,000 ("Unreimbursed Losses"). As an alternative to making a claim for Unreimbursed Losses, Lost Time, or Credit Monitoring, you may elect to receive an Alternative Cash Payment (estimated to be $60), which will be determined based on the amount remaining in the Settlement Fund after the amounts in the Settlement Fund have been distributed in accordance with the Settlement Agreement.

Please read the claim form carefully and answer all questions. Failure to provide required information could result in a denial of your claim.

This Claim Form may be submitted electronically via the Settlement Website at **URL** or completed and mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

*Afni, Inc. Data Incident Claims Administrator*
Claims Administrator mailing address

## I. CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Claims Administrator if your contact information changes after you submit this form.

|  |  |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

**Email Address**

**Questions? Go to URL or call 1-XXX-XXX-XXXX.**

**Your claim must be submitted online or postmarked by:** **MONTH DD, 2023**

## CLAIM FORM FOR DATA BREACH SETTLEMENT

**AFNI**

*In Re: Afni, Inc. Data Breach Litigation*
Cause No. 1:22-cv-01287

**Telephone Number**

---

### II. PROOF OF CLASS MEMBERSHIP

☐   Check this box to certify that you received notification from Afni that your PII might have been compromised in the Data Security Incident that occurred on or about June 7, 2021.

Enter the Notice ID Number provided on your Notice <u>or</u> the last four digits of your Social Security Number:

**Notice ID Number**                    **Social Security Number (last four digits only)**

---

### III. ALTERNATIVE CASH PAYMENT

☐   Check this box if you wish to receive an Alternative Cash Payment in lieu of payment for Unreimbursed Losses, Lost Time, and/or Credit Monitoring. The amount of the Alternative Cash Payment will depend on the amount of claims for Alternative Cash Payments and the amount of funds remaining in the Settlement Fund after all other distributions have been made, as outlined in the Settlement Agreement.

---

### IV. IDENTITY THEFT PROTECTION

☐   Check this box if you did not select the Alternative Cash Payment above and wish to receive two years of free identity protection and credit monitoring service.

---

### V. COMPENSATION FOR LOST TIME

All members of the Settlement Class, who did not select the alternative cash payment above, and who have spent time dealing with the Data Incident may claim up to four (4) hours for lost time at a rate of $25.00 per hour. Any payment for lost time is included in the $5,000.00 cap per Settlement Class member. No documentation is required.

**Hours claimed (up to four hours)**      ☐ 1 Hour ($25.00)      ☐ 2 Hours ($50.00)
                                         ☐ 3 Hours ($75.00)      ☐ 4 Hours ($100.00)

◯   I attest and affirm to the best of my knowledge and belief that any claimed lost time was spent related to the Data Incident.

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**
**MONTH DD, 2023**

</td><td>

**CLAIM FORM FOR DATA BREACH SETTLEMENT**

*In Re: Afni, Inc. Data Breach Litigation*
Cause No. 1:22-cv-01287

</td><td>

**AFNI**

</td></tr>
</table>

## VI.  UNREIMBURSED LOSSES

All members of the Settlement Class, who did not select the alternative cash payment above, who submit a Valid Claim using this Claim Form are eligible for reimbursement of the following **documented** out-of-pocket expenses, not to exceed $5,000.00 per member of the Settlement Class, that were incurred as a result of the Data Incident:

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ○ Out-of-pocket expenses incurred as a result of the Data Incident, including bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel. | ☐ ☐ / ☐ ☐ / ☐ ☐ (mm/dd/yy) | $ ☐ ☐ ☐ ☐ . ☐ ☐ |
| **Examples of Supporting Documentation:** *Phone bills, gas receipts, postage receipts; detailed list of locations to which you traveled (i.e., police station, IRS office), indication of why you traveled there (i.e., police report or letter from IRS re: falsified tax return) and number of miles you traveled.* | | |
| ○ Fees for credit reports, credit monitoring, or other identity theft insurance product purchased on or after June 7, 2021 through **{the date of the settlement agreement}**. | ☐ ☐ / ☐ ☐ / ☐ ☐ (mm/dd/yy) | $ ☐ ☐ ☐ ☐ . ☐ ☐ |
| **Examples of Supporting Documentation:** *Receipts or account statements reflecting purchases made for Credit Monitoring or Identity Theft Insurance Services.* | | |
| ○ Compensation for proven monetary loss, professional fees including attorneys' fees, accountants' fees, and fees for credit repair services incurred as a result of the Data Incident. | ☐ ☐ / ☐ ☐ / ☐ ☐ (mm/dd/yy) | $ ☐ ☐ ☐ ☐ . ☐ ☐ |
| **Examples of Supporting Documentation:** *Invoices or statements reflecting payments made for professional fees/services.* | | |

**CLAIM FORM FOR DATA BREACH SETTLEMENT**

*In Re: Afni, Inc. Data Breach Litigation*
Cause No. 1:22-cv-01287

Your claim must be
submitted online or
**postmarked by:**
**MONTH DD, 2023**

**AFNI**

---

## VII.  PAYMENT SELECTION

Please select **one** of the following payment options, which will be used should you be eligible to receive a settlement payment:

☐  **PayPal** - Enter your PayPal email address: _____

☐  **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __

☐  **Zelle -** Enter the mobile number or email address associated with your Zelle account:

Mobile Number: __ __ __-__ __ __-__ __ __   or Email Address: _____

☐  **Physical Check -** Payment will be mailed to the address provided above.

---

## VIII.  ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.


_____     _____     _____
          Signature                            Printed Name                            Date

# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AFNI, INC. DATA BREACH LITIGATION | CIVIL NO. 1:22-cv-01287-JES-JEH |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT**

This matter came before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement Agreement (the "Motion"). Plaintiffs Marian Caldwell Powell, Leniox Campbell, Leslie Green, Thomas Davis, and Nicole Prochnow ("Plaintiffs"), individually and on behalf of the proposed Settlement Class, and Afni, Inc. ("Defendant" or "Afni") have entered into a Settlement Agreement and Release (the "Settlement Agreement") that settles the above-captioned litigation.

Five putative class actions relating to a cyberattack of Afni's network systems were filed in the United States District Court for the Central District of Illinois (*Nicole Prochnow v. Afni, Inc.,* Case No. 1:22-cv-01287, *Marian Caldwell Powell v. Afni Inc.*, Case No. 1:22-cv-01247, *Leslie Green v. Afni, Inc.,* Case No. 1:22-cv-01290, *Thomas Davis v. Afni, Inc.,* 1:22-cv-01294, and *Clara Owens v. Afni, Inc.,* Case No. 1:22-cv-01297). On September 28, 2022, this Court issued its order consolidating these matters, leaving Case No. 1:22-cv-01287-JES-JEH open as the lead docket. *See* ECF No. 10. On October 28, 2022, Plaintiffs filed their Consolidated Class Action Complaint. *See* ECF No. 8. The Consolidated Complaint alleges that Afni was the target of a cyberattack and data breach perpetrated by an unauthorized third-party threat actor who gained access to Afni's network systems on or about June 7, 2021 (the "Data Incident"). This cyberattack resulted in the exposure of Plaintiffs' and Class members' personally identifiable information

("PII"). *See Consolidated Class Action Complaint* ("Comp." or "Amended Complaint"), ¶¶ 1–4. The PII allegedly compromised in the Data Incident included Plaintiffs' and Class members' names, addresses, dates of birth, Social Security Numbers, and financial information.

In the Consolidated Complaint, Plaintiffs allege five causes of action: (1) negligence; (2) breach of implied contract; (3) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA"), 815 Ill. Comp. Stat. Sec. 505/1, *et seq*; (4) unjust enrichment; and (5) invasion of privacy. *See Comp.* ¶¶ 99–159. Plaintiffs allege that Afni failed to safeguard Plaintiffs' and Class Members' PII. *See id.* ¶¶ 4. Plaintiffs also allege that, as a result of the Data Incident, Plaintiffs and Settlement Class Members suffered ascertainable losses, including (without limitation) a substantially increased risk of identity theft, improper disclosure of their PII, breach of confidentiality of their PII, deprivation of the value of their PII, lost time and money incurred to mitigate and remediate the effects of the Data Incident, including increased risks of identity theft they face and will continue to face, and overpayment for the services that were received without adequate data security. *See id.* ¶ 46. Plaintiffs and the putative class seek monetary and equitable relief. Defendant denies the allegations in the Lawsuit.

After prolonged and serious arm's-length settlement negotiations, the Parties reached a Settlement Agreement and Release (the "Settlement Agreement") that they consider fair, reasonable, and adequate, and in the best interests of all the Settlement Class Members.

WHEREAS, Plaintiffs, on behalf of the proposed Settlement Class Members, having made a motion for an order preliminarily approving a settlement in accordance with the Settlement Agreement, executed on March 20, 2023, and attached as **Exhibit A** to the Motion, which, together with the Exhibits attached thereto, set forth the terms and conditions for a proposed settlement;

2

and the Court having read and considered the Settlement Agreement and the exhibits attached thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Settlement Agreement and does hereby preliminarily approve the settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2.      Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), and for purposes of this Settlement only, the Court grants provisional certification to the following Settlement Class:

> **The Settlement Class:** Any person to whom Afni provided a notification that his or her personal information might have been compromised in the Data Security Incident that occurred on or about June 7, 2021.

Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline; (3) Afni and its respective Officers and Directors; and (4) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge. The Settlement Class may include as many as 261,449 individuals—each, a "Settlement Class Member."

3.      The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief

as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

4. For the purposes of the settlement only, Plaintiffs Marian Caldwell Powell, Leniox Campbell, Leslie Green, Thomas Davis, and Nicole Prochnow are preliminarily certified as the Class Representatives.

5. The Court finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel under Federal Rule of Civil Procedure 23(a)(4): Ben Barnow of Barnow & Associates, P.C., and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC.

6. The Court preliminarily finds that the proposed settlement should be approved as: (a) the result of serious and extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and (d) warranting notice of the proposed settlement to Settlement Class Members and further consideration of the settlement at the Final Approval Hearing described below.

7. The Final Approval Hearing shall be held not less than 120 days following the entry of this Order, *to wit*, on _____ _____, 2023 at _____ ___. at the United States District Courthouse, Central District of Illinois, 204 U.S. Courthouse, 100 N.E. Monroe Street,

4

Peoria, IL 61602. At this hearing, the Court will determine: (a) whether the proposed settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether the [Proposed] Final Judgment and Order as provided under the Settlement Agreement should be entered; (c) whether the Settlement Class should be finally certified for purposes of the settlement; (d) whether Plaintiffs and Class Counsel should be finally appointed as Class Representatives and Class Counsel; (e) the amount of attorneys' fees, costs, and expenses that should be awarded to Class Counsel; and (f) any Service Awards to the Class Representatives. The Court will also hear any objections by Settlement Class Members to: (a) the settlement; (b) the award of attorneys' fees and costs to Class Counsel; (c) Service Awards to the Class Representatives; and the Court will consider such other matters the Court deems appropriate.

8.      The Court approves, as to form and content, the use of the Claim Form in a form substantially similar to the claim form attached as Exhibit 3 to the Settlement Agreement;

9.      The Court approves as to form and content, the Short Form Notice (Postcard Notice) to be mailed and/or emailed to Settlement Class Members in a form substantially similar to the one attached as Exhibit 1 to the Settlement Agreement.

10.     The Court approves as to form and content the Long Form Notice to be posted on the Settlement Website, in a form substantially similar to the one attached as Exhibit 2 to the Settlement Agreement.

11.     The Court finds that the mailing and distribution of the Class Notice substantially in the manner and form set forth in the Settlement Agreement, attached as Exhibit A to the Motion: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the

5

Settlement Agreement and of the settlement and to apprise Settlement Class Members of their right to object to the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfies all applicable requirements of Federal Rule of Civil Procedure 23(c)(2) and (e), the Due Process Clauses under the United States Constitution, the Rules of this Court, and other applicable laws.

12.     The firm Angeion Group, LLC ("Claims Administrator") is hereby appointed as Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below.

13.     No later than 30 days after entry of the Preliminary Approval Order (the "Notice Completion Deadline"), the Claims Administrator will notify Settlement Class Members of the settlement with the Short Form Notices (Postcard Notices), substantially similar to the form attached to the Settlement Agreement as Exhibit 2, by U.S. mail or email to all Settlement Class Members to whom Afni previously mailed notice of the Data Incident. The Claims Administrator will establish and maintain a Settlement Website throughout the Claims Period, which will contain the Short Form Notices, the Long Form Notice, and the Claims Forms to either submit online or download and mail to the Claims Administrator before the Claims Deadline. The Claims Administrator will also maintain a toll-free telephone number and P.O. Box by which Settlement Class Members can seek additional information regarding the Settlement.

14.     Settlement Class Members who wish to submit a claim in the settlement shall complete and submit Claim Forms in accordance with the instructions contained therein. Any such claim must be postmarked or submitted electronically no later than 90 days from the date that the Class Notice is sent to submit a claim—the "Claims Deadline."

15.     The Claim Forms submitted by each Settlement Class Member must: (a) be properly completed, signed, and submitted in a timely manner in accordance with the preceding paragraph; (b) be accompanied by adequate supporting documentation, as required by and as specified in the Settlement Agreement; and (c) be complete and contain no deletions or modifications of any of the printed matter contained therein.

16.     Any Settlement Class Member who files a Claim Form shall reasonably cooperate with the Claims Administrator and the claims referee, if applicable, including by promptly responding to any inquiry made by the Claims Administrator and the claims referee, if applicable. Any Settlement Class Member who does not timely submit a Claim Form within the time provided in the Settlement Agreement (except those Settlement Class Members who opt-out) are barred from receiving any benefits under the Settlement Agreement and shall be bound by the Settlement Agreement, the Final Judgment and Order, and the Releases therein, unless otherwise ordered by the Court.

17.     Settlement Class Members will have no later than 60 days from the date the Class Notice is issued to decide whether exclude themselves from the Settlement. Any Class Member wishing to opt out of the Settlement Class shall individually sign and timely submit written notice of such intent to the Claims Administrator at the address provided in the Class Notice. A written opt-out notice must include an individual signature and state the name, address, and phone number of the person seeking exclusion. A written opt-out notice must also clearly manifest a person's intent to be excluded from the Settlement Class. To be effective, a written opt-out notice must be postmarked no later than 60 days from the date the Class Notice is issued, or any other date set by the Court. Settlement Class Members who exclude themselves from the Settlement shall not be eligible to receive any benefits of nor be bound by the terms of the Settlement Agreement.

18.     Any Settlement Class Member may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing to object to the Settlement. No Settlement Class Member will be heard, and no papers submitted by any Settlement Class Member will be considered, unless, no later than 60 days from the Notice Date, the Settlement Class Member files with the Court and mails to Class Counsel and Afni's counsel written objections that include: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. f. Any Settlement Class Member who fails to object in this manner will be deemed to have waived and forfeited any and all rights he or she may have to appear separately and to object to the Settlement Agreement, and the Settlement Class Member shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Lawsuit.

19.     All opening briefs and documents in support of any application by Plaintiffs for the Motions for Service Awards to Class Representatives and for Attorney's Fees, Costs, and Expenses shall be filed and served by no later than 14 days prior to the deadline for Settlement Class Members to object or exclude themselves from the Settlement Agreement. Plaintiffs shall file a Motion for

Final Approval of the Class Action Settlement no later than 14 days prior to the Final Approval Hearing.

20.    At or after the Final Approval Hearing, the Court shall determine whether any applications for the Class Counsel Service Awards and for Attorney's Fees, Costs, and Expenses should be approved. The Court reserves the right to enter a Final Judgment and Order approving the settlement regardless of whether it has awarded the Class Counsel Service Awards, or Attorney's Fees, Costs, and Expenses.

21.    All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the settlement, shall be the responsibility of Afni and shall be paid out of the Settlement Fund as set forth in the Settlement Agreement.

22.    Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Afni of the truth of any of the allegations in the Lawsuit, or of any liability, fault, or wrongdoing of any kind.

23.    The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Parties to the Settlement Agreement, if appropriate, without further notice to the Settlement Class.

24.    If the Settlement Agreement and the settlement set forth therein is not approved or consummated for any reason whatsoever, the Settlement Agreement and settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the parties to the Settlement Agreement *status quo ante*.

9

25.    Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Lawsuit other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

26.    The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to:

| EVENT | DATE |
|---|---|
| Defendant to provide the Class Member Information to Settlement Administrator | 14 days after entry of Preliminary Approval Order |
| Notice Date | 30 days after entry of Preliminary Approval Order |
| Deadline for Plaintiffs to File Motion for Attorneys' Fees, Costs, Expenses, and Service Awards for Class Representatives | 14 days before the Opt-Out and Objection Deadlines |
| Opt-Out and Objection Deadlines | 60 days after Notice Date |
| Deadline for Class Members to Submit Claim Forms | 90 days after Notice Date |
| Deadline for Plaintiffs to File Motion for Final Approval of Class Action Settlement | 14 days prior to Final Approval Hearing |
| Final Approval Hearing | No less than 120 Days after the entry of this Order |

IT IS SO ORDERED.

Date: _____          _____

                               Hon. James E. Shadid

10

# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AFNI, INC. DATA BREACH LITIGATION | CIVIL NO. 1:22-cv-01287-JES-JEH |

## [PROPOSED] FINAL JUDGMENT AND ORDER

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Settlement Agreement (the "Motion") requesting that the Court enter an Order granting final approval of the class action settlement involving Plaintiffs Marian Caldwell Powell, Leslie Green, Thomas Davis, and Nicole Prochnow (collectively, "Plaintiffs" or "Class Representatives") and Defendant Afni, Inc. ("Defendant" or "Afni") as fair, reasonable, and adequate.

Having reviewed and considered the Settlement Agreement and Plaintiffs' Motion, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Final Judgment and Order.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class Members;

**IT IS ON THIS _____ day of _____, 2023,**

**ORDERED** that:

2

1.      The settlement involves allegations in Plaintiffs' Consolidated Class Action Complaint that Afni failed to safeguard and protect the sensitive and personal data of Plaintiffs and the Settlement Class Members.

2.      The settlement does not constitute an admission of liability by Afni, and the Court expressly does not make any finding of liability or wrongdoing by Afni.

3.      Unless otherwise noted, words spelled in this Final Judgment and Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4.      On _____, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), which, among other things: (a) approved the Class Notice to the Settlement Class, including approval of the form and manner of notice set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the Settlement Class; (c) appointed Plaintiffs as the Class Representatives and Ben Barnow of Barnow & Associates, P.C. and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC  as Class Counsel; (d) preliminarily approved the settlement; (e) set deadlines for opt-outs and objections; (f) approved and appointed the Claims Administrator; and (g) set the date for the Final Approval Hearing.

5.      In the Preliminary Approval Order, Federal Rule of Civil Procedure 23(b)(3) and 23(e) the Court defined the Settlement Class for settlement purposes only. The Court defined the Settlement Class as follows:

> **The Settlement Class:** Any person to whom Afni provided a notification that his or her personal information might have been compromised in the Data Security Incident that occurred on or about June 7, 2021.

Excluded from the Settlement Class are: (1) the judge(s) presiding over this Action, and members of their direct families; (2) Settlement Class Members who submit a valid a Request for Exclusion

prior to the Opt-Out Deadline; (3) Afni and its respective Officers and Directors; and (4) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

6.     The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and certifies the Settlement Class as defined herein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Federal Rule of Civil Procedure 23(e).

7.     The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

a.   A process by which Settlement Class Members who submit valid and timely Claim Forms to the Claims Administrator will receive two years of credit monitoring and identity theft protection services free of charge.

b.   A process by which Settlement Class Members who submit valid and timely Settlement Class Claim Forms or Subclass Claim Forms with supporting documentation to the Claims Administrator are eligible to receive compensation for unreimbursed losses up to a total of $5,000.

c.   Settlement Class Members may, as an alternative to submitting a claim for unreimbursed losses and credit monitoring and identity theft protection services, elect to receive an Alternative Cash Payment (estimated to be $60) based on the amount remaining in the Settlement Fund following the distribution of funds from the Settlement Fund in accordance with the manner set forth in the Settlement Agreement.

d.  Afni has implemented improvements, and planned for future implementations, to improve its cybersecurity since the Data Incident to help mitigate the risk of similar data incidents. Costs associated with these business practice changes will be paid by Afni separate and apart from other settlement benefits.

e.  All costs of class notice and claims administration will be paid from the Settlement Fund as in accordance with the Settlement Agreement.

f.  Afni to pay Court-approved Service Awards the amount of $2,500 to each Class Representative, and any benefits provided to Settlement Class Members and the costs of notice and settlement administration and separate from any Class Counsel Payment. This payment will be distributed from the Settlement Fund in accordance with the Settlement Agreement.

g.  Afni to pay the Court-approved Class Counsel Payment in the amount of _____, separate from any Service Awards to Class Representatives. This payment will be distributed from the Settlement Fund in accordance with the Settlement Agreement.

8.  The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement  in accordance with this Order and the terms of the Settlement Agreement.

9.  Notice of the Final Approval Hearing and the proposed Motion for Attorneys' Fees, Costs, Expenses, and Service Awards have been provided to Settlement Class Members as directed by this Court's orders.

10.     The Court finds that such notice as therein ordered constituted the best practicable notice under the circumstances, apprised Settlement Class Members of the pendency of the action, gave them an opportunity to opt out or object, complied with the requirements of Federal Rule of Civil Procedure 23(c)(2), and satisfied due process under the United States Constitution, and other applicable law.

11.     As of the final date of time for opting out of the settlement, _____ Settlement Class Members have submitted a valid request to be excluded from the settlement. The names of those persons are set forth in **Exhibit A** to this Order. Those persons are not bound by this Final Judgment and Order, as set forth in the Settlement Agreement.

12.     The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13.     Pursuant to the Settlement Agreement, Afni and the Claims Administrator shall implement the Settlement in the manner and timeframe as set forth herein.

14.     As of the Effective Date, Plaintiffs named in the Settlement Agreement and Release and every Settlement Class Member (except those who timely opted out), for themselves, their attorneys, spouses, beneficiaries, executors, representatives, heirs, successors, and assigns, in consideration of the relief set forth in the Settlement Agreement, fully and finally release Defendant, its parents, subsidiaries, shareholders, members, and affiliates, and all of their present and former officers, directors, employees, agents, consultants, advisors, attorneys, representatives, insurers, reinsurers, and legal representatives from any and all claims or causes of action, whether known or unknown, that concern, refer or relate to: (a) the Data Incident; and (b) all other claims

arising out of the Data Incident that were asserted, or that could have been asserted, in the Lawsuit. The claims released in this paragraph are referred to as the "Released Claims," and the parties released are referred to as the "Released Parties."

15.    Plaintiffs and the Settlement Class Members waive any principles of law similar to and including Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs and the Settlement Class Members agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction (including, without limitation, California Civil Code §§ 1798.80 *et seq.*, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11) are knowingly and voluntarily waived in connection with the claims released in the Settlement Agreement and agree that this is an essential term of the Settlement Agreement. Plaintiffs and the Settlement Class Members acknowledge that they may later discover claims presently unknown or suspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in the Settlement Agreement. Nevertheless, Plaintiffs and the Settlement Class Members fully, finally, and forever settle and release the Released Claims against the Released Parties.

16.    Notwithstanding Paragraphs 14 and 15, *supra*, the Parties expressly agree and acknowledge that the Release negotiated in the Settlement Agreement shall not apply to any litigation or claim not related to or arising out of the Data Incident.

17.    In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered or received as evidence in the

Lawsuit or in any other proceeding, except in a proceeding to enforce the Settlement Agreement (including its Release).

18.     Released Claims shall not include the claims of those persons identified in **Exhibit A** to this Order who have timely and validly requested exclusion from the Settlement Class.

19.     No objections were filed in this matter. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds no reason to delay entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order and Judgment.

20.     The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the settlement.

21.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

22.     In accordance with Federal Rule of Civil Procedure 23, this Final Judgment and Order resolves all claims against all parties in this action and is a final order. There is no just reason to delay entry of final judgment in this matter, and the Clerk is directed to file this Final Judgment and Order in this matter.


IT IS SO ORDERED.


Date: _____          _____
                                            Hon. James E. Shadid


8