## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AFNI, INC. DATA BREACH LITIGATION | CIVIL NO. 1:22-cv-01287-JES-JEH |

## ORDER GRANTING PRELIMINARY APPROVAL OF <u>CLASS ACTION SETTLEMENT</u>

This matter came before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement Agreement (the "Motion"). Plaintiffs Marian Caldwell Powell, Leniox Campbell, Leslie Green, Thomas Davis, and Nicole Prochnow ("Plaintiffs"), individually and on behalf of the proposed Settlement Class, and Afni, Inc. ("Defendant" or "Afni") have entered into a Settlement Agreement and Release (the "Settlement Agreement") that settles the above-captioned litigation.

Five putative class actions relating to a cyberattack of Afni's network systems were filed in the United States District Court for the Central District of Illinois (*Nicole Prochnow v. Afni, Inc.,* Case No. 1:22-cv-01287, *Marian Caldwell Powell v. Afni Inc.*, Case No. 1:22-cv-01247, *Leslie Green v. Afni, Inc.,* Case No. 1:22-cv-01290, *Thomas Davis v. Afni, Inc.,* 1:22-cv-01294, and *Clara Owens v. Afni, Inc.,* Case No. 1:22-cv-01297). On September 28, 2022, this Court issued its order consolidating these matters, leaving Case No. 1:22-cv-01287-JES-JEH open as the lead docket. *See* ECF No. 10. On October 28, 2022, Plaintiffs filed their Consolidated Class Action Complaint. *See* ECF No. 8. The Consolidated Complaint alleges that Afni was the target of a cyberattack and data breach perpetrated by an unauthorized third-party threat actor who gained access to Afni's network systems on or about June 7, 2021 (the "Data Incident"). This cyberattack resulted in the exposure of Plaintiffs' and Class members' personally identifiable information

("PII"). *See Consolidated Class Action Complaint* ("Comp." or "Amended Complaint"), ¶¶ 1–4. The PII allegedly compromised in the Data Incident included Plaintiffs' and Class members' names, addresses, dates of birth, Social Security Numbers, and financial information.

In the Consolidated Complaint, Plaintiffs allege five causes of action: (1) negligence; (2) breach of implied contract; (3) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA"), 815 Ill. Comp. Stat. Sec. 505/1, *et seq*; (4) unjust enrichment; and (5) invasion of privacy. *See Comp.* ¶¶ 99–159. Plaintiffs allege that Afni failed to safeguard Plaintiffs' and Class Members' PII. *See id.* ¶¶ 4. Plaintiffs also allege that, as a result of the Data Incident, Plaintiffs and Settlement Class Members suffered ascertainable losses, including (without limitation) a substantially increased risk of identity theft, improper disclosure of their PII, breach of confidentiality of their PII, deprivation of the value of their PII, lost time and money incurred to mitigate and remediate the effects of the Data Incident, including increased risks of identity theft they face and will continue to face, and overpayment for the services that were received without adequate data security. *See id.* ¶ 46. Plaintiffs and the putative class seek monetary and equitable relief. Defendant denies the allegations in the Lawsuit.

After prolonged and serious arm's-length settlement negotiations, the Parties reached a Settlement Agreement and Release (the "Settlement Agreement") that they consider fair, reasonable, and adequate, and in the best interests of all the Settlement Class Members.

WHEREAS, Plaintiffs, on behalf of the proposed Settlement Class Members, having made a motion for an order preliminarily approving a settlement in accordance with the Settlement Agreement, executed on March 20, 2023, and attached as **Exhibit A** to the Motion, which, together with the Exhibits attached thereto, set forth the terms and conditions for a proposed settlement;

and the Court having read and considered the Settlement Agreement and the exhibits attached thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Settlement Agreement and does hereby preliminarily approve the settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2.      Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), and for purposes of this Settlement only, the Court grants provisional certification to the following Settlement Class:

> **The Settlement Class:** Any person to whom Afni provided a notification that his or her personal information might have been compromised in the Data Security Incident that occurred on or about June 7, 2021.

Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline; (3) Afni and its respective Officers and Directors; and (4) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge. The Settlement Class may include as many as 261,449 individuals—each, a "Settlement Class Member."

3.      The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief

3

as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

4.      For the purposes of the settlement only, Plaintiffs Marian Caldwell Powell, Leniox Campbell, Leslie Green, Thomas Davis, and Nicole Prochnow are preliminarily certified as the Class Representatives.

5.      The Court finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel under Federal Rule of Civil Procedure 23(a)(4): Ben Barnow of Barnow & Associates, P.C., and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC.

6.      The Court preliminarily finds that the proposed settlement should be approved as: (a) the result of serious and extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and (d) warranting notice of the proposed settlement to Settlement Class Members and further consideration of the settlement at the Final Approval Hearing described below.

7.      The Final Approval Hearing shall be held not less than 120 days following the entry of this Order, *to wit*, on ___September_____ ___12__, 2023 at ___10:00__ _am_ at the United States District Courthouse, Central District of Illinois, 204 U.S. Courthouse, 100 N.E. Monroe Street,

Peoria, IL 61602. At this hearing, the Court will determine: (a) whether the proposed settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether the [Proposed] Final Judgment and Order as provided under the Settlement Agreement should be entered; (c) whether the Settlement Class should be finally certified for purposes of the settlement; (d) whether Plaintiffs and Class Counsel should be finally appointed as Class Representatives and Class Counsel; (e) the amount of attorneys' fees, costs, and expenses that should be awarded to Class Counsel; and (f) any Service Awards to the Class Representatives. The Court will also hear any objections by Settlement Class Members to: (a) the settlement; (b) the award of attorneys' fees and costs to Class Counsel; (c) Service Awards to the Class Representatives; and the Court will consider such other matters the Court deems appropriate.

8.      The Court approves, as to form and content, the use of the Claim Form in a form substantially similar to the claim form attached as Exhibit 3 to the Settlement Agreement;

9.      The Court approves as to form and content, the Short Form Notice (Postcard Notice) to be mailed and/or emailed to Settlement Class Members in a form substantially similar to the one attached as Exhibit 1 to the Settlement Agreement.

10.     The Court approves as to form and content the Long Form Notice to be posted on the Settlement Website, in a form substantially similar to the one attached as Exhibit 2 to the Settlement Agreement.

11.     The Court finds that the mailing and distribution of the Class Notice substantially in the manner and form set forth in the Settlement Agreement, attached as Exhibit A to the Motion: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the

5

Settlement Agreement and of the settlement and to apprise Settlement Class Members of their right to object to the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfies all applicable requirements of Federal Rule of Civil Procedure 23(c)(2) and (e), the Due Process Clauses under the United States Constitution, the Rules of this Court, and other applicable laws.

12.     The firm Angeion Group, LLC ("Claims Administrator") is hereby appointed as Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below.

13.     No later than 30 days after entry of the Preliminary Approval Order (the "Notice Completion Deadline"), the Claims Administrator will notify Settlement Class Members of the settlement with the Short Form Notices (Postcard Notices), substantially similar to the form attached to the Settlement Agreement as Exhibit 2, by U.S. mail or email to all Settlement Class Members to whom Afni previously mailed notice of the Data Incident. The Claims Administrator will establish and maintain a Settlement Website throughout the Claims Period, which will contain the Short Form Notices, the Long Form Notice, and the Claims Forms to either submit online or download and mail to the Claims Administrator before the Claims Deadline. The Claims Administrator will also maintain a toll-free telephone number and P.O. Box by which Settlement Class Members can seek additional information regarding the Settlement.

14.     Settlement Class Members who wish to submit a claim in the settlement shall complete and submit Claim Forms in accordance with the instructions contained therein. Any such claim must be postmarked or submitted electronically no later than 90 days from the date that the Class Notice is sent to submit a claim—the "Claims Deadline."

15.     The Claim Forms submitted by each Settlement Class Member must: (a) be properly completed, signed, and submitted in a timely manner in accordance with the preceding paragraph; (b) be accompanied by adequate supporting documentation, as required by and as specified in the Settlement Agreement; and (c) be complete and contain no deletions or modifications of any of the printed matter contained therein.

16.     Any Settlement Class Member who files a Claim Form shall reasonably cooperate with the Claims Administrator and the claims referee, if applicable, including by promptly responding to any inquiry made by the Claims Administrator and the claims referee, if applicable. Any Settlement Class Member who does not timely submit a Claim Form within the time provided in the Settlement Agreement (except those Settlement Class Members who opt-out) are barred from receiving any benefits under the Settlement Agreement and shall be bound by the Settlement Agreement, the Final Judgment and Order, and the Releases therein, unless otherwise ordered by the Court.

17.     Settlement Class Members will have no later than 60 days from the date the Class Notice is issued to decide whether exclude themselves from the Settlement. Any Class Member wishing to opt out of the Settlement Class shall individually sign and timely submit written notice of such intent to the Claims Administrator at the address provided in the Class Notice. A written opt-out notice must include an individual signature and state the name, address, and phone number of the person seeking exclusion. A written opt-out notice must also clearly manifest a person's intent to be excluded from the Settlement Class. To be effective, a written opt-out notice must be postmarked no later than 60 days from the date the Class Notice is issued, or any other date set by the Court. Settlement Class Members who exclude themselves from the Settlement shall not be eligible to receive any benefits of nor be bound by the terms of the Settlement Agreement.

7

18.     Any Settlement Class Member may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing to object to the Settlement. No Settlement Class Member will be heard, and no papers submitted by any Settlement Class Member will be considered, unless, no later than 60 days from the Notice Date, the Settlement Class Member files with the Court and mails to Class Counsel and Afni's counsel written objections that include: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. f. Any Settlement Class Member who fails to object in this manner will be deemed to have waived and forfeited any and all rights he or she may have to appear separately and to object to the Settlement Agreement, and the Settlement Class Member shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Lawsuit.

19.     All opening briefs and documents in support of any application by Plaintiffs for the Motions for Service Awards to Class Representatives and for Attorney's Fees, Costs, and Expenses shall be filed and served by no later than 14 days prior to the deadline for Settlement Class Members to object or exclude themselves from the Settlement Agreement. Plaintiffs shall file a Motion for

Final Approval of the Class Action Settlement no later than 14 days prior to the Final Approval Hearing.

20.     At or after the Final Approval Hearing, the Court shall determine whether any applications for the Class Counsel Service Awards and for Attorney's Fees, Costs, and Expenses should be approved. The Court reserves the right to enter a Final Judgment and Order approving the settlement regardless of whether it has awarded the Class Counsel Service Awards, or Attorney's Fees, Costs, and Expenses.

21.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the settlement, shall be the responsibility of Afni and shall be paid out of the Settlement Fund as set forth in the Settlement Agreement.

22.     Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Afni of the truth of any of the allegations in the Lawsuit, or of any liability, fault, or wrongdoing of any kind.

23.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Parties to the Settlement Agreement, if appropriate, without further notice to the Settlement Class.

24.     If the Settlement Agreement and the settlement set forth therein is not approved or consummated for any reason whatsoever, the Settlement Agreement and settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the parties to the Settlement Agreement *status quo ante*.

25.     Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Lawsuit other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

26.     The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to:

| EVENT | DATE |
|---|---|
| Defendant to provide the Class Member Information to Settlement Administrator | 14 days after entry of Preliminary Approval Order |
| Notice Date | 30 days after entry of Preliminary Approval Order |
| Deadline for Plaintiffs to File Motion for Attorneys' Fees, Costs, Expenses, and Service Awards for Class Representatives | 14 days before the Opt-Out and Objection Deadlines |
| Opt-Out and Objection Deadlines | 60 days after Notice Date |
| Deadline for Class Members to Submit Claim Forms | 90 days after Notice Date |
| Deadline for Plaintiffs to File Motion for Final Approval of Class Action Settlement | 14 days prior to Final Approval Hearing |
| Final Approval Hearing | No less than 120 Days after the entry of this Order |

IT IS SO ORDERED.

Date:     5/15/2023             s/ James E. Shadid
                                Hon. James E. Shadid