# Exhibit 1

1:22-cv-01287-JES-JEH     # 16-2     Filed: 08/29/23     Page 1 of 4

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| IN RE AFNI, INC. DATA BREACH LITIGATION | Lead Case No. 1:22-cv-01287-JES-JEH |

**DECLARATION OF BEN BARNOW IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Ben Barnow, hereby declare as follows:

1.  I am an attorney admitted to practice law in the State of Illinois and the State of New York. I am the President of Barnow and Associates, P.C. and one of Class Counsel in this litigation. I have personal knowledge of the matters stated in this declaration except those stated on information and belief and, as to those, I believe them to be true. If called upon, I could and would competently testify to them. This declaration is submitted in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement.

## BACKGROUND AND SETTLEMENT NEGOTIATIONS

2.  In November 2022, my co-counsel and I began to engage in extensive arm's length negotiations with Afni concerning a possible settlement of this matter. We eventually agreed to attend a mediation with Afni on January 24, 2023. Our firms engaged Hon. Morton Denlow (Ret.) of JAMS as a mediator to oversee settlement negotiations in the action.

3.  In advance of formal mediation, the parties discussed their respective positions on the merits of the claims and class certification and provided detailed information to the mediator on the relevant facts and law.

4.Following extensive arm's length settlement negotiations, including a full-day mediation before Judge Denlow, the Settling Parties reached agreement on the general terms of the Settlement.

5.. Prior to the mediation between the Settling Parties, Class Counsel requested documents from Defendant in order to ascertain what would be a fair, reasonable, and adequate settlement in this case. This discovery guided Class Counsel in its negotiations with Defendant and gave Class Counsel confidence that the Settlement exceeds the standards of Federal Rule of Civil Procedure 23 and is fair, reasonable, and adequate.

6.The Settlement benefits that Plaintiffs have obtained for the Class are well within the range of possible recovery of benefits at trial. Plaintiffs and their counsel believe they could succeed in certifying a class of approximately 261,449 persons affected by the Data Incident. Afni maintains it has a number of colorable defenses to Plaintiffs' claims. Due to the risks of data breach litigation, as well as much litigation, Class Counsel believe that it is possible that the Class could receive little or nothing if the case is litigated. Class Counsel are also well aware of the potential time and expense necessary to prosecute this litigation through discovery, class certification, and trial.

7.In contrast to the risks of continued litigation, the Settlement provides for more immediate relief, including compensation for lost time and out-of-pocket expenses, as well as identity theft protection and credit monitoring.

**SETTLEMENT**

8.Based on my experience and my knowledge regarding the factual and legal issues in this matter, and given the substantial benefits provided by the Settlement, it is my opinion that

the proposed Settlement in this matter is fair, reasonable, and adequate and in the best interests of the Settlement Class Members.

9. My firm has not received any objections to the Settlement and the Claims Administrator has advised that none were received.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of August 2023, at Chicago, Illinois.

*/s/ Ben Barnow*
Ben Barnow

3