# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AFNI, INC. DATA BREACH LITIGATION | CIVIL NO. 1:22-cv-01287-JES-JEH |

## [PROPOSED] FINAL JUDGMENT AND ORDER

Before the Court is Plaintiffs' Motion for Final Approval of Class Settlement Agreement (the "Motion") requesting that the Court enter an Order granting final approval of the class action settlement involving Plaintiffs Marian Caldwell Powell, Leniox Campbell, Leslie Green, Thomas Davis, and Nichole Prochnow (collectively, "Plaintiffs" or "Class Representatives") and Defendant Afni, Inc. ("Defendant" or "Afni") as fair, reasonable, and adequate.

Having reviewed and considered the Settlement Agreement and Plaintiffs' Motion, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Final Judgment and Order.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class Members;

**IT IS ON THIS 12th day of September, 2023,**

**ORDERED** that:

1.      The settlement involves allegations in Plaintiffs' Consolidated Class Action Complaint that Afni failed to safeguard and protect the sensitive and personal data of Plaintiffs and the Settlement Class Members.

2.      The settlement does not constitute an admission of liability by Afni, and the Court expressly does not make any finding of liability or wrongdoing by Afni.

3.      Unless otherwise noted, words spelled in this Final Judgment and Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4.      On May 15, 2023, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), which, among other things: (a) approved the Class Notice to the Settlement Class, including approval of the form and manner of notice set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the Settlement Class; (c) appointed Plaintiffs as the Class Representatives and Ben Barnow of Barnow & Associates, P.C. and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel; (d) preliminarily approved the settlement; (e) set deadlines for opt-outs and objections; (f) approved and appointed the Claims Administrator; and (g) set the date for the Final Approval Hearing.

5.      In the Preliminary Approval Order, Federal Rule of Civil Procedure 23(b)(3) and 23(e) the Court defined the Settlement Class for settlement purposes only. The Court defined the Settlement Class as follows:

> **The Settlement Class:** Any person to whom Afni provided a notification that his or her personal information might have been compromised in the Data Security Incident that occurred on or about June 7, 2021.

Excluded from the Settlement Class are: (1) the judge(s) presiding over this Action, and members of their direct families; (2) Settlement Class Members who submit a valid a Request for Exclusion

prior to the Opt-Out Deadline; (3) Afni and its respective Officers and Directors; and (4) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

6. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and certifies the Settlement Class as defined herein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Federal Rule of Civil Procedure 23(e).

7. The Court grants final approval to the appointment of Plaintiffs Marian Caldwell Powell, Leniox Campbell, Leslie Green, Thomas Davis, and Nichole Prochnow as Class Representatives. The Court concludes that the Class Representatives fairly and adequately represented the Settlement Class and will continue to do so.

8. The Court grants final approval to the appointment of Ben Barnow of Barnow and Associates, P.C. and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel. The Court concludes that Class Counsel have fairly and adequately represented the Settlement Class and will continue to do so.

9. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

    a. A process by which Settlement Class Members who submit valid and timely Claim Forms to the Claims Administrator will receive two years of credit monitoring and identity theft protection services free of charge.

    b. A process by which Settlement Class Members who submit valid and timely Settlement Class Claim Forms or Subclass Claim Forms with supporting

    documentation to the Claims Administrator are eligible to receive compensation for unreimbursed losses up to a total of $5,000.

c. Settlement Class Members may, as an alternative to submitting a claim for unreimbursed losses and credit monitoring and identity theft protection services, elect to receive an Alternative Cash Payment (estimated to be $60) based on the amount remaining in the Settlement Fund following the distribution of funds from the Settlement Fund in accordance with the manner set forth in the Settlement Agreement.

d. Afni has implemented improvements, and planned for future implementations, to improve its cybersecurity since the Data Incident to help mitigate the risk of similar data incidents. Costs associated with these business practice changes will be paid by Afni separate and apart from other settlement benefits.

e. All costs of class notice and claims administration will be paid from the Settlement Fund as in accordance with the Settlement Agreement.

f. Afni to pay Court-approved Service Awards the amount of $2,500 to each Class Representative, and any benefits provided to Settlement Class Members and the costs of notice and settlement administration and separate from any Class Counsel Payment. This payment will be distributed from the Settlement Fund in accordance with the Settlement Agreement.

g. Afni to pay up to one-third of the Settlement Fund for attorneys' fees and up to $14,525.92 in reasonable costs and expenses, if approved by the Court, separate from any Service Awards to Class Representatives. This payment will be

distributed from the Settlement Fund in accordance with the Settlement Agreement.

10. The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

11. Notice of the Final Approval Hearing and the proposed Motion for Attorneys' Fees, Costs, Expenses, and Service Awards have been provided to Settlement Class Members as directed by this Court's orders.

12. The Court finds that such notice as therein ordered constituted the best practicable notice under the circumstances, apprised Settlement Class Members of the pendency of the action, gave them an opportunity to opt out or object, complied with the requirements of Federal Rule of Civil Procedure 23(c)(2), and satisfied due process under the United States Constitution, and other applicable law.

13. As of the final date of time for opting out of the settlement, two Settlement Class Members have submitted a valid request to be excluded from the settlement. The names of those persons are set forth in **Exhibit A** to this Order. Those persons are not bound by this Final Judgment and Order, as set forth in the Settlement Agreement.

14. The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15. The Court has considered Class Counsel's motion for attorneys' fees, costs, and expenses. The Court awards Class Counsel the sum of $616,666.67 as an award of attorneys' fees and $14,525.92 as an award of costs and expenses, and the Court finds these amounts of fees, costs, and expenses to be fair and reasonable. These payments shall be paid in accordance with the Settlement Agreement.

16. The Court grants Plaintiffs motion for Service Awards to the Class Representatives and awards $2,500 to each of Plaintiffs Marian Caldwell Powell, Leniox Campbell, Leslie Green, Thomas Davis, and Nichole Prochnow. The Court finds that these payments are justified by Class Representatives' service to the Settlement Class. These payments shall be paid in accordance with the Settlement Agreement.

17. Pursuant to the Settlement Agreement, Afni and the Claims Administrator shall implement the Settlement in the manner and timeframe as set forth herein.

18. As of the Effective Date, Plaintiffs named in the Settlement Agreement and Release and every Settlement Class Member (except those who timely opted out), for themselves, their attorneys, spouses, beneficiaries, executors, representatives, heirs, successors, and assigns, in consideration of the relief set forth in the Settlement Agreement, fully and finally release Defendant, its parents, subsidiaries, shareholders, members, and affiliates, and all of their present and former officers, directors, employees, agents, consultants, advisors, attorneys, representatives, insurers, reinsurers, and legal representatives from any and all claims or causes of action, whether known or unknown, that concern, refer or relate to: (a) the Data Incident; and (b) all other claims arising out of the Data Incident that were asserted, or that could have been asserted, in the Lawsuit. The claims released in this paragraph are referred to as the "Released Claims," and the parties released are referred to as the "Released Parties."

19. Plaintiffs and the Settlement Class Members waive any principles of law similar to and including Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs and the Settlement Class Members agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction (including, without limitation, California Civil Code §§ 1798.80 *et seq.*, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11) are knowingly and voluntarily waived in connection with the claims released in the Settlement Agreement and agree that this is an essential term of the Settlement Agreement. Plaintiffs and the Settlement Class Members acknowledge that they may later discover claims presently unknown or suspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in the Settlement Agreement. Nevertheless, Plaintiffs and the Settlement Class Members fully, finally, and forever settle and release the Released Claims against the Released Parties.

20. Notwithstanding Paragraphs 18 and 19, *supra*, the Parties expressly agree and acknowledge that the Release negotiated in the Settlement Agreement shall not apply to any litigation or claim not related to or arising out of the Data Incident.

21. In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered or received as evidence in the Lawsuit or in any other proceeding, except in a proceeding to enforce the Settlement Agreement (including its Release).

22. Released Claims shall not include the claims of those persons identified in **Exhibit A** to this Order who have timely and validly requested exclusion from the Settlement Class.

23. No objections were filed in this matter. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds no reason to delay entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order and Judgment.

24. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the settlement.

25. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

26. In accordance with Federal Rule of Civil Procedure 23, this Final Judgment and Order resolves all claims against all parties in this action and is a final order. There is no just reason to delay entry of final judgment in this matter, and the Clerk is directed to file this Final Judgment and Order in this matter.

IT IS SO ORDERED.


Date:  September 26, 2023              s/James E. Shadid
                                    JAMES E. SHADID
                                UNITED STATE DISTRICT JUDGE

**EXHIBIT A**

| Number | First Name | Last Name |
|--------|------------|-----------|
| 1 | Gail A. | Prather |
| 2 | Karen | Salk |